**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

**AMBER HADDER** **PLAINTIFF**

**VS.** **No. 2:26-cv-00016 BSM/PSH**

**COMMISSIONER,**
**Social Security Administration** **DEFENDANT**

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court Clerk within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Defendant Commissioner of Social Security ("Commissioner") moved to dismiss this case due to plaintiff Amber Hadder's ("Hadder") failure to timely file

her petition. Doc. No. 7. The parties were notified that the motion would be treated as one for summary judgment under Federal Rule of Civil Procedure 56 and given the opportunity to present additional material. Doc. No. 15. The Court recommends that the motion for summary judgment be denied.

The parties agree that Hadder was required to file her lawsuit "within 60 days after the Appeals Council's notice of denial of request for review. . . For purposes of this section, the date of receipt of notice . . . of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice unless there is a reasonable showing to the contrary." 20 CFR 422.210.

The Appeals Council denied Hadder's request for review on November 21, 2025. Doc. No. 7-1. The Commissioner, presuming the receipt of the denial for request for review occurred on November 26, 5 days after the decision, maintains the lawsuit was untimely filed. This calculation is incorrect, however, because the presumption does not apply if there is a reasonable showing to the contrary.

Here, Hadder submits an affidavit declaring she did not receive a copy of the denial from SSA and first heard of the denial on December 2, 2025, via telephone. Doc. No. 14-3. The Commissioner offers no proof to contradict Hadder's assertions. Hadder's counsel received notice of the Appeals Council denial on December 2, 2025, evidenced by the date stamp on the Notice. Doc. No. 8-1. The lack of notice to Hadder and the actual receipt by counsel on December 2 is a "reasonable showing

to the contrary" and the 5-day presumption does not control. The Notice informed Hadder that the 60 days start the day after receipt of the letter. Doc. No. 8-1, page 2. Hadder filed her civil action with the Court on February 2, 2026. Doc. No. 1. Since the 60-day period ended on Sunday, February 1, 2026, the filing of the complaint on February 2, 2026, was timely. See Fed. R. Civ. P. 6(a)(1)(C).

It is recommended that the motion for summary judgment be denied.

IT IS SO ORDERED this 6th day of October, 2026.

UNITED STATES MAGISTRATE JUDGE